Elon Rogers EUBANKS, Appellant,

v.

Marie HAND, Oral Roberts Evangelical Association, Inc., Billy Graham Evangelistic Association, Salvation Army, and Valley Boys Ranch, Appellees.

No. 1331.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1979.

Rehearing Denied March 22, 1979.

Joel William Ellis, Harlingen, for appellant.

Tony Martinez, Walsh, Martinez & Gilman, Brownsville, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from an order denying the admission of a will to probate. On September 26, 1974, appellant, Elon Rogers Eubanks, filed an application for the probate of the September 12, 1974, will of the deceased, Lawrence B. Hancock. Appellees, Marie Hand, Oral Roberts Evangelical Association, Inc., Billy Graham Evangelistic Association, Salvation Army, and Valley Boys Ranch, filed oppositions to the application.

Then the case embarked upon a strange judicial course, and the same trial judge presided over all of the subsequent proceedings. A hearing on the merits was held on January ·28, 1975. Apparently, after this hearing the judge ruled that the will should be admitted to probate. But on February 6, 1975, he vacated his prior ruling. On March 20, 1975, the judge entered an order allowing the parties to present additional testimony.

On March 3, 1976, a second hearing was held to admit further testimony. After that hearing, the trial judge signed an order on April 15, 1976, admitting the will to probate. There is no indication in the record of any further proceedings in this case until the judge signed an order on November 29, 1977, ordering that the will of the decedent Lawrence B. Hancock not be admitted to probate. This November 29 order was then set aside by the judge on December 13, 1977. On December 16, 1977, he signed another order denying the application of Eubanks to admit the will to probate. Eubanks appeals from the December 16 judgment.

This Court concludes, sua sponte, that the April 15, 1976, order is the only valid judgment in this case and that the trial court was without jurisdiction to render the later judgment made the basis of this appeal.

None of the parties raised this jurisdictional issue in their briefs on appeal. A court of civil appeals is authorized, however, to reverse a judgment of the trial court upon unassigned error where the record affirmatively shows the court rendering judgment was without jurisdiction of the subject matter. *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979, 985 (1947). In this connection, during oral argument this Court directed the parties' attention to the April 15, 1976, order and asked that they brief the issue concerning finality of that judgment and the trial court's jurisdiction to enter the other judgment which is the basis of this appeal. See *Aloe Vera of America, Inc. v. CIC Cosmetics Int. Corp.*, 517 S.W.2d 433, 435 (Tex.Civ.App.—Dallas 1974, no writ). The parties have filed post submission briefs, and appellees have admitted that the April 15, 1976, judgment was a final appealable judgment if it were not void because mistakenly signed.

Appellees argue that the trial judge mistakenly signed the April 15, 1976, judgment and that, accordingly, it is a void judgment which the trial court could have set aside at any time. Appellees then cite several cases which support the proposition that a court has the power and duty to vacate the inadvertent entry of a void judgment. See e. g. *Wichita Falls, R. & Ft. W. Ry. Co. v. Combs*, 115 Tex. 405, 283 S.W. 135 (1926). With these cases in mind, appellees pray this Court deem the April 15, 1976, judgment void and thereby ignore it. In support of their contention that the prior April 15 order is void, appellees appended three affidavits to their post submission brief. We need not consider these affidavits, however. A court of civil appeals may consider affidavits to determine its own jurisdiction but not the jurisdiction of the trial court. *Rosenfeld v. Steelman*, 405 S.W.2d 301 (Tex.Sup.1966).

Moreover, appellees' allegations are in the nature of a collateral attack; i. e., they attempt to avoid the binding force of a prior judgment in a proceeding not instituted for such purpose. *Akers v. Simpson*, 445 S.W.2d 957 (Tex.Sup.1969). Evidence aliunde the record is not to be considered in a collateral attack. *Cowan v. Mason*, 428 S.W.2d 96 (Tex.Civ.App.—Amarillo 1968, no writ); Hodges, Collateral Attacks on Judgments, 41 Tex.L.Rev. 499, 528 (1963). Appellant's motion to strike the affidavits in the appellees' post submission brief is granted.

It should be further noted that a collateral attack must show that the trial court was without jurisdiction to act, rather than that the court's actions were procedurally improper. *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878 (Tex. Sup.1973). Appellees' allegations of voidness herein are based upon a procedural error, namely, inadvertent signing of the judgment, and should have been brought in a direct attack. See *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895). Thus, the appellees' allegations cannot form the basis for a collateral attack.

Without more, we must presume that the April 15, 1976, judgment, which is regular on its face and is not impeached by any other part of the record, was properly pronounced and rendered. *Texas Life Insurance Co. v. Texas Building Co.*, 307 S.W.2d 149 (Tex.Civ.App.—Fort Worth 1957, no writ).

According to Rule 329b(5), T.R.C.P., the trial court lost jurisdiction of this case 30 days after the April 15, 1976, judgment. See *Ex Parte Godeke*, 163 Tex. 387, 355 S.W.2d 701 (1962); 4 McDonald, Texas Civil Practice § 18.03 (1971). All orders entered subsequent to that 30 day period were null and void. *Dubert v. Adkins*, 475 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1971, no writ).

Because the trial court had no jurisdiction to render the judgment of December 16, 1977, this Court has no jurisdiction to consider the merits of the appeal from that judgment. *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935 (1958); 3 Tex.Jur.2d Rev., Appeal & Error § 27 (1974).

Where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the appeal. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961); *Travelers Express Company, Inc. v. Winters*, 488 S.W.2d 890 (Tex.Civ. App.—El Paso 1972, writ ref'd n. r. e.).

Accordingly, the December 16, 1977, judgment of the trial court is set aside and the appeal is dismissed.