**R.N. DeSHAZO and R.E. Angel, Appellants,**

**v.**

**J.H. HALL, Sr., James H. Hall Corporation, Storage Warehouse Services, Inc., and Port Trucking Services, Inc., Appellees.**

No. 14–96–00102–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 5, 1998.

Rehearing Overruled April 23, 1998.

Marcus E. Faubion, Houston, for appellants.

L.G. Clinton, Jr., John Roberson, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

This is a breach of contract case in which appellants, R.N. DeShazo and R.E. Angel, sued appellees, J.H. Hall, Sr., the James H. Hall Corporation, Storage Warehouse Services, Inc., and Port Trucking Services, Inc. The case was tried to a jury, which found in favor of appellants. The parties filed cross-motions for judgment, and the trial court conducted two hearings on the motions. After the second hearing, the trial court signed a final judgment disregarding the jury's findings on damages and entering a substituted award. Appellants raise seven points of error attacking the trial court's post-trial rulings. Appellees raise four cross-points challenging the same rulings. Appellants have also filed a motion requesting this court to examine its jurisdiction in light of our recent holding in *Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862 (Tex.App.—Houston [14th Dist.] 1997, no writ). We find we lack jurisdiction over this case and dismiss the appeal.

### Background

The factual and procedural posture of this case is undisputed. In 1990, DeShazo and Angel were working in appellees' marketing department pursuant to an alleged written employment contract. In June of 1990, based upon his belief that appellees did not honor the terms of the contract, DeShazo resigned his position and filed a breach of contract suit against appellees. In January of 1994, Angel was terminated by appellees. He subsequently intervened in DeShazo's suit against appellees and asserted his own claims for breach of contract. Appellees filed an answer contending the contract was invalid because it (1) was entered into by a person who lacked authority, and (2) had been procured by fraud.

The case was tried to a jury, which returned a verdict in appellants' favor, awarding each of them damages in excess of $200,000. On August 25, 1995, appellants filed a motion asking the trial court to enter judgment on the verdict. Appellees filed a competing motion for JNOV contending the evidence was legally insufficient to support the jury's findings. The trial court conducted two hearings on the post-trial motions, the first taking place on August 31, 1995, in the 165th Judicial District Court in Harris County. One week later, with the agreement of the parties, the trial judge conducted a second hearing in the Galveston County Courthouse in Galveston County where he was also sitting as a visiting judge. On September 28, 1995, the judge entered a final judgment disregarding the jury's findings on damages and substituted the awards of $60,000 and $40,000 to DeShazo and Angel, respectively. The court also awarded appellants attorney's fees and prejudgment interest. This appeal followed.

### Motion To Determine Jurisdiction

During the pendency of this appeal, appellants filed a supplemental brief stating that although not apparent from the face of the record in this case, prior to entering final judgment, the trial judge heard oral argument on the parties' post-trial motions for judgment in Galveston County, even though the case was filed and tried in Harris County. Appellants have since filed a motion asking this court to determine whether it has jurisdiction to consider this appeal.

### Analysis

This court has recently examined the issue of whether a trial court may conduct judicial proceedings in a case outside the county in which the case was pending. *See Mellon Service Co.*, 946 S.W.2d at 862. In *Mellon*, the appellants filed suit against appellees in Harris County, Texas. The suit was consolidated with three other cases, and a visiting judge was appointed to hear pre-trial motions and preside over the trial proceedings. *See id.* at 864–65. Appellants and appellees subsequently filed cross-motions for partial summary judgment, and with the parties' consent, the judge conducted a hearing on the motions for summary judgment in the 122nd Judicial District Court in Galveston County, even though the case was pending in the 333rd Judicial District Court in Harris County. *See id.* at 865. After conducting the hearing, the trial court entered summary

judgment in favor of the appellees. On appeal, appellants contended the trial court's judgment was void and filed a motion to vacate on the ground the trial judge violated the Texas Constitution by conducting the summary judgment hearing outside the county in which the suit was pending. *Id.*

We began our analysis by examining Article V, section 7 of the Texas Constitution which governs judicial districts and district judges and their terms, absence, and disability or disqualification, as well as where a district court shall hold its proceedings. Article V, section 7 provides, in pertinent part:

> The Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law.[1]

TEX. CONST. art. V, § 7. Thus, under the Texas Constitution, if a district court conducts proceedings in a case outside its jurisdictional geographic area, those proceedings are fundamentally defective and any order based on those proceedings is void. *See Mellon,* 946 S.W.2d at 866. (citing *Howell v. Mauzy,* 899 S.W.2d 690, 699 (Tex.App.—Austin 1994, writ denied)). "This defect in jurisdiction cannot be cured by the consent or agreement of the parties." *Mellon,* 946 S.W.2d at 866 (citing *Stine v. State,* 908 S.W.2d 429, 431 (Tex.Crim.App.1995) & *Mauzy,* 899 S.W.2d at 699). After finding that a hearing on a motion for summary judgment was a "proceeding" under the Texas Constitution, we concluded that "the trial court violated article V, section 7 by holding the summary judgment hearing at a place other than the county seat of the county in which the case was pending. The trial court's order is void, and we must dismiss this appeal for want of jurisdiction." *Mellon,* 946 S.W.2d at 870.

An event similar to that in *Mellon* has occurred in the case at bar. After trying the case and obtaining a jury verdict in the 165th Judicial District Court in Harris County, the parties filed cross-motions for judgment. With the consent of both parties, the visiting judge conducted a hearing on the motions in the Galveston County Courthouse in Galveston County. For the reasons set forth in *Mellon,* we find this proceeding was fundamentally defective, and consequently, any order based on this proceeding is void. *See id.* at 864 (citing *Howell v. Mauzy,* 899 S.W.2d 690, 699 (Tex.App.—Austin 1994, writ denied)). "An appellate court has no jurisdiction to consider the merits of an appeal from a void judgment." *Mellon,* 946 S.W.2d at 864 (citing *Eubanks v. Hand,* 578 S.W.2d 515, 517 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.)). If such a case arises, the appellate court must set aside the trial court's judgment and dismiss the appeal. *Id.* Because the trial court's final judgment in this case is void, we set it aside and dismiss the appeal for want of jurisdiction.

---

1. In *Mellon,* we noted that the phrase "except as otherwise provided by law" in article V, section 7 was added by the legislature through a constitutional amendment in 1949 "to permit greater flexibility in cases pending in districts embracing two or more counties." *Mellon,* 946 S.W.2d at 865 n. 7 (citing *Mauzy,* 899 S.W.2d at 699). Although the record in this case does not indicate in which Galveston District Court the judge conducted the hearing, all Galveston County District Courts are composed solely of Galveston County. *See* TEX. GOV'T CODE ANN. §§ 24.111 (10th ), 24.158 (56th), 24.224 (122nd), 24.391 (212th), & 24.614 (306th). Consequently, the phrase does not apply to this case.