**DAL–BRIAR CORPORATION and Robert Brittingham, Sr., Appellants/Cross–Appellees,**

v.

**TRI–ANGL EQUITIES, INC., Appellee/Cross–Appellant.**

No. 08–98–00030–CV.

Court of Appeals of Texas, El Paso.

Feb. 3, 2000.

Jay J. Madrid, Donald F. Campbell, Winstead Sechrest & Minick, P.C., Dallas, Jeffrey S. Alley, David R. Pierce, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for Appellant.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, C.R. Kit Bramblett, Bramblett & Bramblett, P.C., El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## O P I N I O N

RICHARD BARAJAS, Chief Justice.

This is a double appeal from a suit for damages to realty resulting from an incomplete cleanup of a mine overburden pile in Hudspeth County, Texas. For the reasons stated below, we reverse and remand.

## I. *SUMMARY OF THE EVIDENCE*

### A. Procedural History

Tri–Angl Equities, Inc. ("Tri–Angl") filed suit against Dal–Briar Corporation and Robert Brittingham, Sr., ("Dal–Briar," "Brittingham," collectively "Appellants") on February 6, 1992 in the 34th Judicial District Court of Hudspeth County. At the time, the 34th Judicial District included Culberson, El Paso, and Hudspeth Counties. *See* former TEX. GOV'T CODE ANN. § 24.136 (Vernon 1988). Effective September 1, 1995, Hudspeth and Culberson Counties were removed from the 34th Judicial District and the Legislature created the 394th Judicial District, which was comprised of Brewster, Culberson, Hudspeth, Jeff Davis, and Presidio Counties. *See* TEX. GOV'T CODE ANN. §§ 24.136, 24.539 (Vernon Supp.2000). By operation of law, this case was transferred out of the 34th District Court and into the 394th District Court as of September 1, 1995. *See* TEX. GOV'T CODE ANN. § 24.313 (Vernon 1988). On August 1, 1996, the Honorable Stephen Ables, presiding judge of the Sixth Administrative Judicial Region, assigned the Honorable William Moody, presiding judge of the 34th District Court, to the 394th District Court for the purpose of presiding over this case.

. Between August 1, 1996 and August 22, 1997, Judge Moody conducted several proceedings related to this case in the 34th District Court in El Paso County, including hearings on discovery matters and summary judgment motions. Specifically, on May 12, 1997 and May 21, 1997, Judge Moody held a Gatekeeper hearing in El Paso County. On August 20, 1997, Tri–Angl filed an Unopposed Motion to Transfer Venue from the 394th District Court in Hudspeth County, to the 34th District Court in El Paso County. On August 22, 1997, Judge Moody signed the Order transferring the case.

A bench trial was held August 25–29, 1997 before Judge Moody in El Paso County. The court entered judgment on November 3, 1997. Brittingham and Dal–Briar filed a Motion to Modify the Judgment, which was granted by Order dated November 14, 1997. The court then signed its modified judgment, wherein judgment was entered against Brittingham, individually, and with Dal–Briar, jointly and severally, in the amount of $1,200,000 for actual damages, plus prejudgment interest of ten percent (10%) per annum, compounded annually from February 6, 1992 to the date of judgment. Additionally, the court awarded punitive damages against Brittingham in the amount of $1,200,000 and against Dal–Briar in the amount of $1,200,000. Finally, the court

ordered that the judgment shall bear interest of ten percent (10%) per annum from the date of judgment until paid. Brittingham and Dal–Briar filed a Motion for New Trial on December 12, 1997, which was overruled by operation of law. This appeal follows.

## II. *DISCUSSION*

Appellants present six issues and Tri–Angl presents one issue. We begin with a discussion of the jurisdictional issue.

### A. Jurisdiction

■ In Issue No. Six, Appellants question the jurisdiction of the 34th Judicial District Court of El Paso County to try this case. Specifically, Appellants contend that any judicial proceedings conducted by the Honorable William Moody, while sitting in El Paso County, as well as any orders and judgments stemming from any such proceedings, are void insofar as the suit was pending in Hudspeth County. Appellants additionally maintain that because the suit was pending in Hudspeth County, the trial court did not have the requisite jurisdiction to try this suit because the Motion to Transfer Venue was signed in El Paso County.

The Texas Constitution provides the location where district courts must hold their proceedings. Article 5, Section 7 provides that "[t]he Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." TEX. CONST. art. V, § 7. The "county seat" has been held to be the place where the county courthouse is located, and a district court has no jurisdiction to conduct proceedings elsewhere. *See Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 866 (Tex.App.—Houston [14th Dist.] 1997, no writ); *Howell v. Mauzy*, 899 S.W.2d 690, 699 n. 15 (Tex.App.—Austin 1994, writ denied); *Bridgman v. Moore*, 143 Tex. 250, 183 S.W.2d 705, 708 (1944). In *Mellon*, the court examined the meaning of the term " 'proceedings' " and determined that

it should be given broad connotation. *See Mellon*, 946 S.W.2d at 867–69. Based on the plain reading of the Texas Constitution, the court found that the framers did not intend to limit the term " 'proceeding,' " and thus summary judgment hearings were encompassed in the meaning of the word. *See id.* at 868. In *Howell*, the court held that the term " 'proceedings' " encompassed a hearing on a plea in abatement and a hearing on a motion to transfer venue. *See Howell*, 899 S.W.2d at 698–700.

There is an exception to the rule stated in Section 7 of Article 5: "except as otherwise provided by law." TEX. CONST. art. V, § 7. The legislature added this language by constitutional amendment in 1949 in order "to permit the legislature to confer greater flexibility in cases pending in districts embracing two or more counties." TEX. CONST. art. V, § 7 interpretive commentary; *see also Barnhart Indep. Sch. Dist. v. Mertzon Indep. Sch. Dist.*, 464 S.W.2d 197, 201 (Tex.Civ.App.—Austin 1971, writ ref'd n.r.e.). Subsequently, the legislature enacted a statute pertaining to multicounty districts. *See* TEX. GOV'T CODE ANN. § 24.017 (Vernon 1988). Section 24.017 permits the judge of a multicounty district court to hear and determine certain matters and sign judgments and orders connected with those matters "in any county in his judicial district." TEX. GOV'T CODE ANN. § 24.017(b)(1)-(3) (Vernon 1988). The statute also authorizes a district judge assigned to a multicounty district to take the same actions "in the manner provided by this section for the regular judge.... " TEX. GOV'T CODE ANN. § 24.017(d) (Vernon 1988). Section 24.017 only applies within judicial districts composed of more than one county. *See* TEX. GOV'T CODE ANN. § 24.017(a) (Vernon 1988). The 394th Judicial District is composed of Brewster, Culberson, Hudspeth, Jeff Davis, and Presidio Counties. Under Section 24.017, Judge Moody was authorized to conduct proceedings in any of the coun-

ties within the 394th Judicial District. However, since El Paso is not located within the 394th Judicial District, Section 24.017 is inapplicable and Judge Moody would not be authorized to conduct proceedings in El Paso.

In *Howell v. Mauzy*, the judge for the 202nd Judicial District Court of Bowie County, Texas, was appointed to preside over a suit pending in a Dallas County district court. 899 S.W.2d 690 at 698 n. 13. With the parties' agreement, the judge convened a hearing in Bowie County on the defendant's plea in abatement and motion to transfer venue. He "subsequently" ordered the suit abated, and transferred the case to Travis County. *Id.* at 698–99. The Austin Court of Appeals agreed with appellant's argument that the trial judge violated Article 5, Section 7 by holding the hearing outside Dallas County, and held the trial judge's orders on the plea in abatement and motion to transfer venue were void. *Id.* at 700.

■ As noted earlier, Judge Moody held a Gatekeeper hearing in El Paso on May 12 and May 21, 1997. Under Section 7 of Article 5, this was clearly improper. If a district court sits outside its jurisdictional geographic area, its proceedings are fundamentally defective and any order based on those proceedings is void. *See DeShazo v. Hall*, 963 S.W.2d 958, 960 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Mellon*, 946 S.W.2d at 866; *Howell*, 899 S.W.2d at 699 (citing *Ex parte Lowery*, 518 S.W.2d 897, 902 (Tex.Civ.App.—Beaumont 1975, orig. proceeding)); *Berner v. Berner*, 146 S.W.2d 1017, 1018 (Tex.Civ.App.—Galveston 1941, writ dism'd judgm't cor.); *Isbill v. Stovall*, 92 S.W.2d 1067, 1072 (Tex. Civ.App.—Eastland 1936, no writ). Given the fact that at the time of the Gatekeeper hearings, Hudspeth County was not within the jurisdictional limits of the 34th Judicial District, the trial court erred in conducting such hearings outside of Hudspeth County. We sustain that portion of Issue No. Six to the extent that any orders stemming from the hearings held in El Paso on May 12 and May 21, 1997 are void and of no effect.

■ Appellants further allege that Judge Moody signed the order granting the Unopposed Motion to Transfer Venue while present in El Paso County. Tri-Angl argues that Appellants have failed to establish where the order was signed and that even if the order was signed in El Paso, Judge Moody substantially complied with Article 5, Section 7. We agree.

■ We have carefully examined the record before this Court and find that Appellants cannot affirmatively show that Judge Moody signed the order transferring venue while present in El Paso County. Thus, we are required to presume in favor of a trial court's jurisdiction unless lack of jurisdiction affirmatively appears on the face of the petition. *See Lee v. El Paso County*, 965 S.W.2d 668, 671 (Tex. App.—El Paso 1998, pet. denied) (citing *Giddens v. State*, 818 S.W.2d 501, 502 (Tex.App.—Corpus Christi 1991, no writ)). We overrule that portion of Appellants' Issue No. Six relating to the validity of the transfer of venue order. We further find that jurisdiction and venue was proper in El Paso County, given the state of the record before us, save and except the Gatekeeper hearings mentioned above, and thus Appellants' requested relief, i.e., dismissal, is not warranted. Accordingly, we reverse and remand to the trial court.

Having sustained that portion of the Appellants' Issue No. Six, we find that we need not address any remaining issues on review. We reverse the judgment of the trial court and remand the instant cause for proceedings not inconsistent with this opinion.