March 21, 2003

The Honorable Robert E. "Bobby" Bell
District Attorney
Jackson County Courthouse
115 West Main, Room 205
Edna, Texas 77957

Opinion No. GA-0043

Re: Interpretation of section 160.633 of the
Texas Family Code  (RQ-0612-JC)

Dear Mr. Bell:

You ask certain questions concerning section 160.633 of the Family Code, a provision added by the Seventy-seventh Legislature as part of House Bill 920, which "is based on the Uniform Parentage Act (2000) and sets forth provisions and modifications relating to the parent-child relationship." HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 920, 77th Leg., R.S (2001); Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 1.01, 2001 Tex. Gen. Laws 1610, 1624. In particular, you ask that we (i) clarify the meaning of "proceeding" in the statute; and determine (ii) whether the final order in the suit may be copied; (iii) whether an order denying paternity is public; and, (iv) whether motions that postdate the final order in the suit are public.

Chapter 160, subchapter G of the Family Code, of which section 160.633 forms a part, concerns a proceeding to adjudicate the parentage of a child. This proceeding is civil in nature, and governed by the Texas Rules of Civil Procedure. TEX. FAM. CODE ANN. § 160.601 (Vernon 2002). Those with standing to maintain the action include the child; the mother of the child; a man whose paternity is to be adjudicated; the support enforcement agency; an adoption or child-placing agency; a representative of a party with standing who is deceased, incapacitated, or a minor; or, in the event the mother is dead, a person related to her within the second degree of consanguinity. Id. § 160.602. The mother of the child and a man whose paternity is to be adjudicated are necessary parties. Id. § 160.603. The court adjudicates paternity without a jury. Id. § 160.632. An order adjudicating paternity may be issued on default. Id. § 160.634. An order dismissing an action for want of prosecution may be issued only without prejudice. Id. § 160.635. Otherwise, the court "shall render an order adjudicating whether a man alleged or claiming to be the father is the parent of the child." Id. § 160.636.

Your questions concern section 160.633, which reads:

> (a) On the request of a party and for good cause shown, the court may order a proceeding under this subchapter closed to the public.

> (b) A final order in a proceeding under this subchapter is available for public inspection. Other papers and records are available only with the consent of the parties or on order of the court for good cause.

*Id.* § 160.633.

You first request clarification of the word "proceeding" in section 160.633(a).[1] The statute does not define the term "proceeding." That being the case, the Code Construction Act requires us to construe it according to the rules of common usage, TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998), and, to the extent it has a technical meaning, in accordance with that technical meaning, *id.* § 311.011(b). As the Texas Court of Criminal Appeals has noted, "The term 'proceeding' is a very broad nomenclature." *Tigner v. State,* 928 S.W.2d 540, 543 (Tex. Crim. App. 1996). The *Tigner* court cited *Black's Law Dictionary's* definition of "proceeding" as "all possible steps in an action from its commencement to the execution of judgment." *Id.; see also Mellon Serv. Co. v. Touche Ross & Co.,* 946 S.W.2d 862, 868 (Tex. App.–Houston [14th Dist.] 1997, no writ); *Burns v. Bishop,* 48 S.W.3d 459, 464 (Tex. App.–Houston [14th Dist.] 2001, no pet.). Accordingly, we read section 160.633(a) to provide that all possible steps in an action may be closed to the public. Moreover, pursuant to section 160.633(b), save for the final order, "Other papers and records are available only with the consent of the parties or on order of the court for good cause." TEX. FAM. CODE ANN. § 160.633(b) (Vernon 2002).

You next ask whether the final order is "one that copies may legally be made from for anyone who requests such." Request Letter, *supra* note 1, at 1. The final order is available to the public under section 160.633(b). Generally speaking, records that are available to the public may be copied. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. § 118.065 (Vernon 1999) (right of persons to "read, examine, and copy" county court records); TEX. R. JUD. ADMIN. 12 (judicial records open to general public for inspection and copying). Accordingly, the final order may be copied by the public.

Your next question is whether "the order denying paternity [is] open to the public." Request Letter, *supra* note 1, at 1. We presume that by "an order denying paternity" you mean an order determining that a man alleged or claiming to be the parent of the child is not. As we have determined, the statute makes final orders open. It draws no distinction between a final order holding that a person is the child's father and a final order holding that a person is not.

---

[1] Letter from Honorable Robert E. "Bobby" Bell, District Attorney, Jackson County, to Honorable John Cornyn, Texas Attorney General at 1 (Sept. 17, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

You ask finally whether "motions, etc., filed after the final order" are open. *Id.* Nothing save the final order is open except "with the consent of the parties or on order of the court for good cause." TEX. FAM. CODE ANN. § 160.633(b) (Vernon 2002). The statutory language has no temporal limit. Accordingly, save with the parties' consent or by court order, any and all papers and records of the proceeding that have been closed under section 160.633(a) except for the final order are permanently closed.

## S U M M A R Y

The word "proceeding" for the purposes of a suit to adjudicate the paternity of a child includes all possible steps in the action. The final order in such a suit is open for inspection and copying, whatever the nature of the judgment. Save with the consent of the parties or by court order, any and all other records of the proceeding are permanently closed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee