**In the Interest of C.R.P., A Child.**

**No. 2–05–137–CV.**

Court of Appeals of Texas,
Fort Worth.

April 13, 2006.

---

Cooper & Scully, P.C., Brad M. La Morgese, Dallas, Law Office of Lori E. Reeves, Lori E. Reeves, Decatur, for Appellants.

Mayo & Pickering, Ted D. Mayo, III, Fort Worth, for Appellee.

Panel B: LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This is an appeal from the trial court's dismissal of a petition to vacate the adoption of C.R.P.,[1] and in the alternative, original petition for suit affecting the parent-child relationship. In three issues, Crystal and Larry assert that the trial court erroneously concluded that provisions in the family code barred Crystal's suit to set aside the termination of her parental rights, that the bars to a suit attempting to set aside a termination judgment unconstitutionally infringe on a mother's rights when she unknowingly and involuntarily surrendered her parental rights to the child in documents procured by subterfuge, and that the trial court erroneously concluded that Crystal and Larry lacked standing to file a suit affecting the parent-child relationship. We affirm.

## STATEMENT OF FACTS

Crystal is the daughter of Billy Ray and Rosemarie, and the biological mother of C.R.P. Crystal was seventeen years old and living with her parents when she became pregnant with C.R.P. On October 28, 1999, the trial court terminated Crystal's parental rights because she had executed an unrevoked or irrevocable affidavit of relinquishment of parental rights to her child, C.R.P. The trial court granted the adoption of C.R.P. to her maternal grandparents, Rosemarie and Billy Ray; Billy Ray is now deceased. Subsequently, Crystal married Larry, who has no biological relation to C.R.P.

On September 7, 2004, Crystal and Larry filed a petition to vacate the adoption, and in the alternative, an original petition in a suit affecting the parent-child relationship and requesting a temporary restraining order. Rosemarie filed a motion to dismiss, and the trial court dismissed the case.

## STANDING

In their first issue, Crystal and Larry assert that the trial court erroneously con-

---

1. To protect the privacy of the parties involved in this appeal, we identify the child by initials only and the parties by first names only. *See* TEX. FAM.CODE ANN. § 109.002(d) (Vernon 2002).

cluded that several provisions in the family code bar the suit to set aside the termination of Crystal's parental rights. In their third issue, Crystal and Larry assert that the trial court erroneously concluded that Crystal and Larry lacked standing to file a suit affecting the parent-child relationship.

Standing is a question of law, and we review the issue de novo. *In re SSJ–J*, 153 S.W.3d 132, 134 (Tex.App.-San Antonio 2004, no pet.). As with an order of dismissal for lack of subject matter jurisdiction, we review an order of dismissal for lack of standing by construing the pleadings in favor of the plaintiff and must look to the pleader's intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993).

The family code provides that the trial court may terminate a parent's rights to a child if the parent executes an unrevoked or irrevocable affidavit of relinquishment of parental rights and the termination is in the child's best interest. TEX. FAM.CODE ANN. § 161.001(1)(K), (2) (Vernon Supp. 2005); *see also id.* § 161.103. After a valid termination, the court may also provide for the child's adoption. TEX. FAM.CODE ANN. § 162.016 (Vernon 2002). The validity of an order terminating a person's parental rights under an affidavit of relinquishment of parental rights is not subject to collateral or direct attack *after the sixth month after the date the order was signed.* TEX. FAM.CODE ANN. § 161.211(a). A direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights is further limited to issues of fraud, coercion, or duress. TEX. FAM.CODE ANN. § 161.211(c). Additionally, the validity of an adoption order is not subject to attack after six months following the date the adoption order was signed. TEX. FAM.CODE ANN. § 162.012(a).

Crystal contends that the affidavit was executed unknowingly and involuntarily, and thus, it was void, which amounts to an assertion of fraud, duress, or coercion. Though the legislature has permitted such challenges to an affidavit of voluntary relinquishment of parental rights, the suit is nonetheless barred by the family code because her challenge to the affidavit began nearly five years following the termination of her parental rights, well beyond the statutory six-month limitation. *See* TEX. FAM.CODE ANN. §§ 161.211(a), (c).

Crystal and Larry rely upon *Vela v. Marywood* in support of the contention that the affidavit of voluntary relinquishment was void because Rosemarie and Billy Ray obtained it by fraud. *See* 17 S.W.3d 750 (Tex.App.-Austin 2000, pet. denied). *Vela* is distinguishable from the present case because of the relevant time period. In *Vela,* the mother signed a relinquishment affidavit on April 28, 1999, and then on April 29, 1999, the adoption agency filed a petition to terminate her rights. *Id.* at 755–56. On May 12, 1999, an associate judge recommended termination of the mother's parental rights, and then the mother "immediately gave notice that she was appealing the associate judge's termination recommendation to the district court." *Id.* at 756. On June 8, 1999, the district court conducted a de novo trial and terminated the mother's parental rights. *Id.* at 756–57. The mother then directly appealed the district court's judgment, which necessarily means the challenge was brought within the relevant six-month time frame because, according to the rules of appellate procedure, a notice of appeal in a civil case must be filed within thirty days after the judgment is signed, notwithstanding certain exceptions. *See id.;* TEX.R.APP. P. 26.1.

In the present case, Crystal did not attack the validity of the affidavit until

nearly five years following the termination of her parental rights, well beyond the statutory six-month time frame. *See* TEX. FAM.CODE ANN. §§ 161.211(a), (c). Additionally, the validity of the adoption order was not subject to attack after the six month period following the date that the order was signed, but Crystal and Larry did not file the petition to vacate the adoption until September 7, 2004, a time well beyond the statutory six-month time period. *See* TEX. FAM.CODE ANN. § 162.012(a). Accordingly, we overrule Crystal and Larry's first issue.

■ The family code dictates that a former parent whose parental rights have been terminated lacks standing to file an original suit affecting the parent-child relationship. *See* TEX. FAM.CODE ANN. § 102.006(a)(1) (Vernon 2002). Additionally, if the parent-child relationship between the child and every living parent of the child has been terminated, an original suit affecting the parent-child relationship cannot be filed by any family members or relatives by blood, adoption, or marriage of either a former parent whose parent-child relationship has been terminated or of the father of the child. *Id.* § 102.006(a)(3). Thus, because Crystal's parental rights have been terminated, neither she nor her husband, Larry, have standing to file an original petition in a suit affecting the parent-child relationship. *See id.* §§ 102.006(a)(1), (a)(3). Accordingly, we overrule Crystal and Larry's third issue.

## CONSTITUTIONAL CHALLENGE

■ In their second issue, Crystal and Larry assert that the application of the family code to bar the suit was an unconstitutional deprivation of Crystal's rights as a parent because the original termination and adoption were accomplished by subterfuge. Crystal and Larry assert an as-applied constitutional challenge to family code section 161.211. A parent's rights to "the companionship, care, custody, and management" of his or her children are constitutional interests. *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982). As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal. *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993). In this case, the issue of the constitutionality of family code section 161.211 was never raised before the trial court.

Crystal and Larry's petition contains a section entitled "Petitioner's Standing on Constitutional and Other Grounds." Within this section, Crystal and Larry assert that they have standing to bring this suit because Crystal did not voluntarily relinquish her parental rights at the time of the child's adoption, citing *In re V.R.W.*, 41 S.W.3d 183, 192–93 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (holding that an involuntarily executed affidavit is a complete defense to a termination decree). They further state that the "purported adoption was indeed obtained by coercion, duress, fraud, deception, undue influence, and overreaching" by Rosemarie. Crystal and Larry also assert in that subsection that they "have been the only parents the child has known."

In the response to the motion to dismiss, Crystal and Larry assert that the six-month cut-off is not an absolute bar to their cause of action. They also contend that the affidavit of relinquishment was invalid because it was obtained by fraud, misrepresentation, or overreaching by Rosemarie.

None of these assertions in the trial court clearly raise an as-applied challenge to the constitutionality of family code section 161.211. After a careful review of the record, we are unable to find any assertion

in the trial court that family code section 161.211 is unconstitutional as applied. Accordingly, this issue has not been preserved for our review. We overrule Crystal and Larry's second issue.

## CONCLUSION

Having overruled Crystal and Larry's three points, we affirm the judgment of the trial court.