Opinion issued November 2, 2006



 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00632–CV




JULIE ANN HOBBS, Appellant

V.

JANET KATHLEEN VAN STAVERN, Appellee




On Appeal from the 306th District Court 
Galveston County, Texas
Trial Court Cause No. 04FD1206




O P I N I O N

          This appeal arises from a suit affecting the parent-child relationship
(“SAPCR”) in which appellee Janet Kathleen Van Stavern (“Kathleen”) sought joint
managing conservatorship of T.L.H., a minor child. Appellant Julie Hobbs (“Julie”)
is T.L.H.’s biological mother. Kathleen is T.L.H.’s adoptive parent. Following a jury
trial, the trial court signed a judgment appointing both Julie and Kathleen as joint
managing conservators of T.L.H. In four issues, Julie contends that (1) Kathleen did
not have standing as a parent to file a suit affecting the parent-child relationship;


 (2)
the trial court submitted an improper instruction in the jury charge; (3) the trial court
violated the “principles of separation of powers”; and (4) the trial court’s appointment
of Kathleen as a joint managing conservator “constitutes an impermissible
impingement on [Julie’s] substantive due process rights.”
          We affirm. 
Background
          Julie and Kathleen began a romantic relationship in the summer of 1995 and
began sharing a home that fall. The couple decided that they wanted to have a child,
and Julie became pregnant through artificial insemination. Julie gave birth to T.L.H.
on June 6, 1998. Both Julie and Kathleen parented and cared for T.L.H.
          On August 1, 2001, Julie and Kathleen, as co-petitioners, filed a petition
requesting that the sperm donor’s parental rights be terminated and alleging that it
was “in the best interest of [T.L.H.] . . . to be adopted by [Kathleen].” On November
13, 2001, the county court signed an order terminating the donor’s parental rights,
granting Julie and Kathleen’s request that Kathleen be allowed to adopt T.L.H. and
expressly creating a parent-child relationship between Kathleen and T.L.H. 
          In February 2004, when T.L.H. was five years old, Julie and Kathleen ended
their relationship. Kathleen moved from the home the following month. Citing her
status as T.L.H.’s parent, Kathleen filed a SAPCR requesting that she and Julie be
named as T.L.H.’s joint managing conservators. 
          Julie filed a plea to the jurisdiction contending that the trial court had no
subject-matter jurisdiction over the SAPCR because Kathleen lacked standing as a
parent to file such action. Julie asserted that the November 13, 2001 adoption order
was void because Kathleen “was not a person allowed to adopt [T.L.H.] pursuant to
any subsection of the Texas Family Code.” Julie also asserted that the adoption order
violated public policy. In addition, Julie filed a counter-petition for declaratory
judgment seeking a declaration that the adoption decree was void as a matter of law. 
Kathleen responded that she had standing to bring the SAPCR as T.L.H.’s parent and
pointed out, inter alia, that Julie’s attacks on the adoption order were untimely. The
trial court denied Julie’s plea to the jurisdiction without stating the basis for the
denial. 
          A jury found that Julie and Kathleen should be appointed as T.L.H.’s joint
managing conservators. The trial court rendered a judgment on the jury’s verdict. 
This appeal followed.
Standing
          In support of her first issue, Julie contends that the trial court did not have
subject-matter jurisdiction because Kathleen lacked standing to file the SAPCR. 
A.      Standard of Review
          Subject matter jurisdiction is essential to the authority of a court to decide a
case. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). 
Standing is implicit in the concept of subject-matter jurisdiction. M.D. Anderson
Cancer Ctr. v. Novak, 52 S.W.3d 704, 708 (Tex. 2001). Standing focuses on who
may bring an action, Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851 (Tex.
2000), and may be predicated upon either statutory or common law authority. Everett
v. TK-Taito, L.L.C., 178 S.W.3d 844, 850 (Tex. App.—Fort Worth 2005, no pet.). 
Whether a party has standing to maintain a suit is a question of law, which we review
de novo. See Tex. Dep’t of Transportation v. City of Sunset Valley, 146 S.W.3d 637,
646 (Tex. 2004). In conducting our review, we take the factual allegations in the
petition as true and construe them in favor of the pleader. See Tex. Ass’n of Bus., 852
S.W.2d at 446. Besides the pleadings, we may also consider relevant evidence and
must do so when necessary to resolve the jurisdictional issues raised. Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). 
B.      Analysis
          In her SAPCR petition, Kathleen pleaded that she was T.L.H.’s parent. 
Pursuant to the Family Code, a parent has standing to bring an original SAPCR. Tex.
Fam. Code Ann. § 102.003(a)(1) (Vernon Supp. 2005). Taken as true, Kathleen
pleaded sufficient facts to show that she had standing to file the SAPCR.
          Julie first challenges Kathleen’s standing by contending that, for purposes of
filing a SAPCR, Kathleen is not a “parent” as defined by the Family Code. Julie
asserts that the Family Code defines “parent” as only “the mother of the child or a man
who has been adjudicated to be the father of the child.” Contrary to Julie’s contention,
Family Code section 101.024(a), which defines who is a “parent” within the context
of a SAPCR, expressly provides that an adoptive parent is a “parent.” Id. § 101.024(a)
(Vernon Supp. 2005). The record reflects that, on November 13, 2001, the county
court signed an adoption order creating a parent-child relationship between Kathleen
and T.L.H. 
          Julie next contends that Kathleen lacked standing to file the SAPCR because the
adoption order is void. Julie claims that, under the circumstances, T.L.H. could only
have been adopted by a stepparent or former stepparent.


 Julie points out that
Kathleen was never T.L.H.’s stepparent. For this reason, Julie contends that the
adoption order is void and could not serve as a basis for Kathleen’s standing to file the
SAPCR. 
          Kathleen responds, as she did in the trial court, that Julie’s attack on the
adoption order was untimely.


 We agree.
          Family Code section 162.012, provides, in relevant part, as follows:
§ 162.012. Direct or Collateral Attack
(a) Notwithstanding Rule 329, Texas Rules of Civil Procedure, the
validity of an adoption order is not subject to attack after six months after
the date the order was signed.
Id. § 162.012(a) (Vernon 2002). Here, Julie’s attack on the adoption order came
nearly three years after it was signed, well past the six-month limitation. In her
briefing, Julie offers no argument to refute specifically Kathleen’s defense that section
162.012(a) bars Julie’s attack on the adoption order. Our own research reveals no
authority indicating that the plain language of section 162.012(a) would not control. 
The Texas Legislature made no exceptions to the six-month limitation—not for
challenges to purportedly void adoption orders, not for good cause, and not for public
policy reasons.


 See id. We conclude that section 162.012(a) precluded Julie’s attack
on the validity of the adoption order. See id.; see also In re C.R.P., 192 S.W.3d 823,
826 (Tex. App.—Fort Worth 2006, no pet.).
          We hold that the trial court did not err by denying Julie’s plea to the jurisdiction
based on Kathleen’s purported lack of standing to file the SAPCR. We overrule the
portion of Julie’s first issue regarding her contention that the trial court did not have
subject-matter jurisdiction over the SAPCR.
Public Policy
          With little substantive argument and no citation to authority, Julie also contends
in support of her first issue that the trial court’s appointment of Kathleen as a joint
managing conservator violated public policy. Julie asserts that “[l]ending credence 
to an alleged parent-child relationship that is not acknowledged under existent law
transgresses against the sanctity and privacy of the parent-child relationship and the
public policy in approbation of such.” In a footnote in her brief, Julie also contends,
with little explanation, that the trial court’s “[e]ntertainment and resolution” of
Kathleen’s SAPCR was in some manner “tantamount” to a “proclamation” validating
same-sex relationships. As discussed, based on the procedural history of this case,
Kathleen was permitted by the Family Code to seek joint managing conservatorship
of T.L.H. We are constrained to follow the provisions of the Family Code as enacted. 
          We overrule the portion of Julie’s first issue regarding her public policy
argument.
Charge Error
          In her second issue, Julie contends that the trial court improperly instructed the
jury that the provisions of Family Code section 153.001(a)


 applied, “even though
there was no marriage relationship.” On appeal, Julie asserts that such instruction was
“a matter of improper statutory construction.” 
          Kathleen contends that Julie did not preserve this complaint because she did not
state the basis for her objection in the trial court. The record shows that Julie’s only
objection to the instruction occurred during the charge conference. In this regard,
Julie asserted, “Your Honor, we would object to the public policy section being on
Page 2 of the charge as well as the legal presumption on Page 3 of the charge.” 
          A party objecting to a jury charge must distinctly point out the objectionable
matter and identify the basis of the objection. Tex. R. Civ. P. 274. The purpose of
Rule 274 is to afford the trial court an opportunity to correct errors in the charge by
requiring objections both to designate the error clearly and to explain the grounds for
the complaint. See Carousel’s Creamery, L.L.C. v. Marble Slab Creamery, Inc., 134
S.W.3d 385, 404–05 (Tex. App.—Houston [1st Dist.] 2004, pet. granted, cause
dism’d); see also C.M. Asfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 793 (Tex.
App.—Houston [1st Dist.] 2004, no pet.) (“To be sufficiently specific, the party’s
objection must identify the claimed error and explain the basis of the party’s
complaint. . . . A sufficiently specific objection enables the trial court to understand
the party’s precise grounds and to rule.”). An objection that does not identify the
claimed error and explain the basis of the complaint is properly overruled and does not
preserve error on appeal. See Carousel’s Creamery, 134 S.W.3d at 404. 
          In this case, Julie’s general objection at the charge conference neither clearly
identified the error that she now claims on appeal nor explained the basis for the
objection. Therefore, Julie’s complaint that the trial court improperly instructed the
jury has not been preserved for review. See Tex. R. App. P. 33.1; Carousel’s
Creamery, 134 S.W.3d at 404. 
          We overrule Julie’s second issue.
Constitutional Challenges
          In her third and fourth issues, Julie contends that the trial court’s appointment
of Julie as T.L.H.’s joint managing conservator “runs afoul of constitutionally
mandated principles of separation of powers” and “constitutes an impermissible
impingement on appellant’s substantive due process rights.” The record does not
reflect that Julie raised these arguments in the trial court. Thus, she has not preserved
these issues for our review. See Tex. R. App. P. 33.1; see also Dreyer v. Greene, 871
S.W.2d 697, 698 (Tex. 1993) (“As a rule, a claim, including a constitutional claim,
must have been asserted in the trial court in order to be raised on appeal.”).
          We overrule Julie’s third and fourth issues.Conclusion
          We affirm the judgment of the trial court.
 
 
 
 
                                                                        Laura Carter Higley
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.