Julie Ann HOBBS, Appellant,

v.

Janet Kathleen VAN STAVERN,
Appellee.

No. 01–05–00632–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 2, 2006.

Rehearing Overruled Dec. 13, 2006.

Anthony P. Griffin, Anthony P. Griffin, Inc., Galveston, Marie Christine Trefethern, Christine L. Mangle, Texas City, for Appellant.

Daryl L. Moore, Moore & Kelly, P.C., JoAnn Storey, JoAnn Storey, P.C., Houston, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

This appeal arises from a suit affecting the parent-child relationship ("SAPCR") in which appellee Janet Kathleen Van Stavern ("Kathleen") sought joint managing conservatorship of T.L.H., a minor child. Appellant Julie Hobbs ("Julie") is T.L.H.'s biological mother. Kathleen is T.L.H.'s adoptive parent. Following a jury trial, the trial court signed a judgment appointing both Julie and Kathleen as joint managing conservators of T.L.H. In four issues, Julie contends that (1) Kathleen did not have standing as a parent to file a suit affecting the parent-child relationship;[1] (2) the trial court submitted an improper instruction in the jury charge; (3) the trial court violated the "principles of separation of powers"; and (4) the trial court's appointment of Kathleen as a joint managing conservator "constitutes an impermissible impingement on [Julie's] substantive due process rights."

We affirm.

## Background

Julie and Kathleen began a romantic relationship in the summer of 1995 and began sharing a home that fall. The couple decided that they wanted to have a child, and Julie became pregnant through artificial insemination. Julie gave birth to T.L.H. on June 6, 1998. Both Julie and Kathleen parented and cared for T.L.H.

On August 1, 2001, Julie and Kathleen, as co-petitioners, filed a petition requesting that the sperm donor's parental rights be terminated and alleging that it was "in the best interest of [T.L.H.] ... to be

---

1. In the "Points on Appeal" section of her brief, Julie defines her first issue as a challenge to Kathleen's joint managing conservatorship on the ground that such appointment is "in contravention of Texas law and public policy." However, in the "Argument" portion of her brief, Julie focuses primarily on whether Kathleen had standing to file the SAPCR. The public policy argument appears as a secondary point within her first issue.

adopted by [Kathleen]." On November 13, 2001, the county court signed an order terminating the donor's parental rights, granting Julie and Kathleen's request that Kathleen be allowed to adopt T.L.H. and expressly creating a parent-child relationship between Kathleen and T.L.H.

In February 2004, when T.L.H. was five years old, Julie and Kathleen ended their relationship. Kathleen moved from the home the following month. Citing her status as T.L.H.'s parent, Kathleen filed a SAPCR requesting that she and Julie be named as T.L.H.'s joint managing conservators.

Julie filed a plea to the jurisdiction contending that the trial court had no subject-matter jurisdiction over the SAPCR because Kathleen lacked standing as a parent to file such action. Julie asserted that the November 13, 2001 adoption order was void because Kathleen "was not a person allowed to adopt [T.L.H.] pursuant to any subsection of the Texas Family Code." Julie also asserted that the adoption order violated public policy. In addition, Julie filed a counter-petition for declaratory judgment seeking a declaration that the adoption decree was void as a matter of law. Kathleen responded that she had standing to bring the SAPCR as T.L.H.'s parent and pointed out, inter alia, that Julie's attacks on the adoption order were untimely. The trial court denied Julie's plea to the jurisdiction without stating the basis for the denial.

A jury found that Julie and Kathleen should be appointed as T.L.H.'s joint managing conservators. The trial court rendered a judgment on the jury's verdict. This appeal followed.

## Standing

In support of her first issue, Julie contends that the trial court did not have subject-matter jurisdiction because Kathleen lacked standing to file the SAPCR.

### A. Standard of Review

 Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Standing is implicit in the concept of subject-matter jurisdiction. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex.2001). Standing focuses on who may bring an action, *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex.2000), and may be predicated upon either statutory or common law authority. *Everett v. TK–Taito, L.L.C.*, 178 S.W.3d 844, 850 (Tex.App.-Fort Worth 2005, no pet.). Whether a party has standing to maintain a suit is a question of law, which we review de novo. *See Tex. Dep't of Transportation v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex.2004). In conducting our review, we take the factual allegations in the petition as true and construe them in favor of the pleader. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Besides the pleadings, we may also consider relevant evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

### B. Analysis

 In her SAPCR petition, Kathleen pleaded that she was T.L.H.'s parent. Pursuant to the Family Code, a parent has standing to bring an original SAPCR. TEX. FAM.CODE ANN. § 102.003(a)(1) (Vernon Supp.2005). Taken as true, Kathleen pleaded sufficient facts to show that she had standing to file the SAPCR.

Julie first challenges Kathleen's standing by contending that, for purposes of filing a SAPCR, Kathleen is not a "parent" as defined by the Family Code. Julie as-

serts that the Family Code defines "parent" as only "the mother of the child or a man who has been adjudicated to be the father of the child." Contrary to Julie's contention, Family Code section 101.024(a), which defines who is a "parent" within the context of a SAPCR, expressly provides that an adoptive parent is a "parent." *Id.* § 101.024(a) (Vernon Supp.2005). The record reflects that, on November 13, 2001, the county court signed an adoption order creating a parent-child relationship between Kathleen and T.L.H.

Julie next contends that Kathleen lacked standing to file the SAPCR because the adoption order is void. Julie claims that, under the circumstances, T.L.H. could only have been adopted by a stepparent or former stepparent.[2] Julie points out that Kathleen was never T.L.H.'s stepparent. For this reason, Julie contends that the adoption order is void and could not serve as a basis for Kathleen's standing to file the SAPCR.

Kathleen responds, as she did in the trial court, that Julie's attack on the adoption order was untimely.[3] We agree.

Family Code section 162.012, provides, in relevant part, as follows:

§ 162.012. Direct or Collateral Attack

(a) Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an adoption order is not subject to attack after six months after the date the order was signed.

*Id.* § 162.012(a) (Vernon 2002). Here, Julie's attack on the adoption order came nearly three years after it was signed, well past the six-month limitation. In her briefing, Julie offers no argument to refute specifically Kathleen's defense that section 162.012(a) bars Julie's attack on the adoption order. Our own research reveals no authority indicating that the plain language of section 162.012(a) would not control. The Texas Legislature made no exceptions to the six-month limitation—not for challenges to purportedly void adoption orders, not for good cause, and not for public policy reasons.[4] *See id.* We conclude that section 162.012(a) precluded Julie's attack on the validity of the adoption order. *See id.; see also In re C.R.P.*, 192 S.W.3d 823, 826 (Tex.App.-Fort Worth 2006, no pet.).

We hold that the trial court did not err by denying Julie's plea to the jurisdiction based on Kathleen's purported lack of standing to file the SAPCR. We overrule the portion of Julie's first issue regarding her contention that the trial court did not have subject-matter jurisdiction over the SAPCR.

## Public Policy

With little substantive argument and no citation to authority, Julie also contends in

---

2. We express no opinion on the validity of Julie's claim.

3. Kathleen also raised other defenses to Julie's attack on the adoption order. Because we determine that such attack was untimely, we do not discuss Kathleen's other defenses.

4. At oral argument, Julie revived a challenge to the application of section 162.012, which she had generally raised in the trial court. Julie argued that applying section 162.012 to bar her attack on the adoption order is contrary to the public policy reflected in Family Code section 162.001, which she contends permits only a stepparent to adopt when one parent's parental rights have been terminated. Julie's argument is abrogated by the Legislature's 2003 amendment of section 162.001, permitting persons other than stepparents to adopt. *See* Act of May 20, 2003, 78th Leg., R.S., ch. 493, § 1, sec. 162.001(b), 2003 Tex. Gen. Laws 1764, 1764. In any event, any limitation on who may adopt must be balanced against the important public policy embodied in section 162.012 to provide finality of adoption orders.

support of her first issue that the trial court's appointment of Kathleen as a joint managing conservator violated public policy. Julie asserts that "[l]ending credence to an alleged parent-child relationship that is not acknowledged under existent law transgresses against the sanctity and privacy of the parent-child relationship and the public policy in approbation of such." In a footnote in her brief, Julie also contends, with little explanation, that the trial court's "[e]ntertainment and resolution" of Kathleen's SAPCR was in some manner "tantamount" to a "proclamation" validating same-sex relationships. As discussed, based on the procedural history of this case, Kathleen was permitted by the Family Code to seek joint managing conservatorship of T.L.H. We are constrained to follow the provisions of the Family Code as enacted.

We overrule the portion of Julie's first issue regarding her public policy argument.

**Charge Error**

■ In her second issue, Julie contends that the trial court improperly instructed the jury that the provisions of Family Code section 153.001(a)[5] applied, "even though there was no marriage relationship." On appeal, Julie asserts that such instruction was "a matter of improper statutory construction."

Kathleen contends that Julie did not preserve this complaint because she did not state the basis for her objection in the trial court. The record shows that Julie's only objection to the instruction occurred during the charge conference. In this regard, Julie asserted, "Your Honor, we would object to the public policy section being on Page 2 of the charge as well as the legal presumption on Page 3 of the charge."

■ A party objecting to a jury charge must distinctly point out the objectionable matter and identify the basis of the objection. Tex.R. Civ. P. 274. The purpose of Rule 274 is to afford the trial court an opportunity to correct errors in the charge by requiring objections both to designate the error clearly and to explain the grounds for the complaint. *See Carousel's Creamery, L.L.C. v. Marble Slab Creamery, Inc.*, 134 S.W.3d 385, 404–05 (Tex. App.-Houston [1st Dist.] 2004, pet. granted, cause dism'd); *see also C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 793 (Tex.App.-Houston [1st Dist.] 2004, no pet.) ("To be sufficiently specific, the party's objection must identify the claimed error and explain the basis of the party's complaint. . . . A sufficiently specific objection enables the trial court to understand the party's precise grounds and to rule."). An objection that does not identify the claimed error and explain the basis of the complaint is properly overruled and does not preserve error on appeal. *See Carousel's Creamery*, 134 S.W.3d at 404.

In this case, Julie's general objection at the charge conference neither clearly identified the error that she now claims on appeal nor explained the basis for the objection. Therefore, Julie's complaint that the trial court improperly instructed the

---

5. The provisions of Family Code section 153.001(a) are as follows:

153.001. Public Policy
(a) The public policy of this state is to:
(1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child;

(2) provide a safe, stable, and nonviolent environment for the child; and
(3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.
Tex. Fam.Code Ann. § 153.001(a) (Vernon 2002).

jury has not been preserved for review. *See* TEX.R.APP. P. 33.1; *Carousel's Creamery*, 134 S.W.3d at 404.

We overrule Julie's second issue.

### Constitutional Challenges

In her third and fourth issues, Julie contends that the trial court's appointment of Julie as T.L.H.'s joint managing conservator "runs afoul of constitutionally mandated principles of separation of powers" and "constitutes an impermissible impingement on appellant's substantive due process rights." The record does not reflect that Julie raised these arguments in the trial court. Thus, she has not preserved these issues for our review. *See* TEX. R.APP. P. 33.1; *see also Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.").

We overrule Julie's third and fourth issues.

### Conclusion

We affirm the judgment of the trial court.