COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STEFAN CRANE and BRENDA CRANE, | § | No. 08-08-00020-CV |
| Appellants, | § | |
| | | Appeal from the |
| v. | § | |
| | | 162nd District Court |
| RICHARDSON BIKE MART, INC., | § | |
| WILDERNESS TRAIL BIKES, INC. a/k/a | | of Dallas County, Texas |
| WTB and TREK BICYCLE | § | |
| CORPORATION, | | (TC# 06-07356) |
| | § | |
| Appellees. | | |

**O P I N I O N**

This appeal arises from a personal injury lawsuit. In the trial court, Appellees moved for a summary judgment, asserting that the Cranes (Appellants) were judicially estopped from pursuing their lawsuit, because the Appellants did not disclose their personal injury claim in their bankruptcy case. On November 21, 2007, the trial court granted the Appellees' Motion for Summary Judgment. On December 4, 2007, the Appellants filed their notice of appeal. The Appellants raise two issues on appeal. First, were the Appellees entitled to the protection of the doctrine of judicial estoppel, because of the Appellants' failure to disclose their potential personal injury claim in the bankruptcy case. And second, was the Appellants' failure to disclose their potential tort claims against the Appellees the result of an honest mistake. We do not reach Appellants' issues on appeal and we vacate the trial court's summary judgment and dismiss the case for want of jurisdiction because the Appellants do not have standing to pursue their claim. TEX.R.APP.P. 43.2(e).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2004, Stefan Crane was airing up the rear tire on his bicycle at his home when

it exploded. The Appellants allege that the tire blew off the rim causing permanent hearing loss. Six days after the incident, Mr. Crane went to see a doctor about his hearing. Appellant claims that because of the incident, he is essentially deaf and has undergone treatment for his hearing damage, which has not been successful. Appellant also claims that his condition continues to worsen and that he will have to rely on an electronic hearing aid to hear anything at all.

In March of 2005, Mr. Crane had a conversation with Brian Eberstein (Eberstein) who was an old customer and an attorney. The two men discussed Appellant's accident and the possibility of filing a lawsuit because of his injuries. Two weeks after this conversation, Appellant met with Eberstein and it was agreed that Eberstein would represent Mr. Crane in any claims stemming from his accident.

On May 10, 2005, the Appellants signed a representation agreement with the law offices of Higgins & Allmand, a bankruptcy law firm. The Appellants filed a voluntary petition for Chapter 7 bankruptcy on September 9, 2005. On Schedule B (Personal Property), part of the official bankruptcy forms regarding assets and liabilities, the Appellants did not disclose their possible personal injury claim to their creditors and the Bankruptcy Court. On December 14, 2005, the Appellants received their discharge from debts under the provisions of the United States Bankruptcy Code. On September 16, 2005, only one week after the bankruptcy filing, the Appellants sent Eberstein a written account of the tire explosion. Mr. Crane's wife sent an e-mail indicating that she "will send the photos separately as I have to get them off his computer. Also, I have copies of receipts from doctors, hearing aids, prescriptions, etc. I can send you."

Approximately one month after Appellants received their discharge, on January 10, 2006, the Appellants contacted Eberstein to inquire about the status of his investigation. Appellants were advised by Eberstein that they may have a claim, but that finding a tire expert might be problematic.

On January 11, 2006, Eberstein sent a demand letter to Wilderness Trail Bikes (WTB) regarding Mr. Crane's hearing loss claim. Unhappy with Eberstein's representation, the Appellants terminated the representation agreement with Eberstein on June 22, 2006, obtained new counsel and filed this lawsuit.

On October 10, 2007, Trek, Richardson Bike Mart (RBM), and WTB filed a Motion for Summary Judgment asserting the defense of judicial estoppel. The Appellants filed their reply, and after a hearing was held, the trial court granted summary judgment in favor of Appellees.

## II. STANDARD OF REVIEW

Standing is an implicit part of subject matter jurisdiction. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). Whether a party has standing to sue is a question of law, which we review de novo. *Hobbs v. Van Stavern*, 249 S.W.3d 1, 3 (Tex.App.–Houston [1st Dist.] 2006, pet. denied) (citing *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004)). Standing focuses on who may bring an action, *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000), and can be based on either statutory or common law authority. *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 850 (Tex.App.–Fort Worth 2005, no pet.).

As a component of subject matter jurisdiction, standing cannot be waived and may be raised for the first time on appeal by the parties or the court. *West Orange-Cove Consol. Indep. Sch. Dist. v. Alanis*, 107 S.W.3d 558, 587 (Tex. 2003). In our review, we take the factual allegations in the petition as true and construe them in favor of the pleader. *Juarez v. Texas Ass'n of Sporting Officials, El Paso Chapter*, 172 S.W.3d 274, 278 (Tex.App.–El Paso 2005, no pet.) (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). In addition to the pleadings, we may also consider relevant evidence to resolve the jurisdictional

issues raised.  *Hobbs*, 249 S.W.3d at 3 (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

## A.  Background and Legal Principles

In reviewing a case that involves a bankruptcy proceeding, we apply federal bankruptcy law.  Section 541 of the Bankruptcy Code provides that at the commencement of the bankruptcy case, all of a debtor's assets vest in the bankruptcy estate.  *See*11 U.S.C. § 541(a)(1); *In re Swift*, 129 F.3d 792, 795 (5th Cir. 1997).  Included in the estate of the bankruptcy are any causes of action for personal injury belonging to the debtor at the commencement of the case.  *In re Swift*, 129 F.3d at 795.

The representative of the bankruptcy estate is the Chapter 7 Bankruptcy Trustee, and is the real party in interest, and the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed.  11 U.S.C. §§ 323, 541(a)(1); *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001).  "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned" by the trustee to the debtor pursuant to section 554.  *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *see* 11 U.S.C. § 554.  In a Chapter 7 case, "[a]t the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings"-including property that was never scheduled-"remains the property of the estate."  *Parker*, 365 F.3d at 1272; 11 U.S.C. § 554(d).  But, "upon abandonment . . . the trustee is . . . divested of control of the property because it is no longer part of the estate . . . .  Property abandoned under [ §] 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed."  11 U.S.C. § 554; *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008).  If the asset was

not disclosed, as is required under the bankruptcy code, the trustee can reopen the bankruptcy and pursue the claim when he becomes aware of it. *See* 11 U.S.C. § 521(a)(1); *In re Coastal Plains, Inc.*, 179 F.3d at 207-08 (debtor has a continuing duty to disclose assets to the bankruptcy court); *Kane*, 535 F.3d at 385; 11 U.S.C. § 350(b).

### B. Facts Before Us

A thorough review of the record below establishes that the Appellants' cause of action accrued and existed prior to the bankruptcy filing. "The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued." *Luling Oil & Gas Co. v. Humble Oil & Refining Co.*, 191 S.W.2d 716, 721 (Tex. 1946); it is clear that the cause of action for personal injury was not listed on Schedule B of the bankruptcy case and worked to the detriment of the creditors; and the cause of action has not been abandoned to the debtors, by the Chapter 7 trustee in a bankruptcy order.

### III. CONCLUSION

Because the Appellants' cause of action existed at the time in which they filed for bankruptcy, it was part of the bankruptcy estate. The trustee is the only party with standing to pursue the underlying cause of action. The trustee was not made aware of the Appellants' asset at the time of the original bankruptcy proceeding, and he has not been given a chance to either pursue or abandon the estate's claim. Where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the cause. *Juarez*, 172 S.W.3d at 274. Because the Appellants do not have standing to pursue their claim, we vacate the trial court's summary judgment and dismiss the case for want of jurisdiction and do not reach Appellants' issues on appeal, TEX.R.APP.P. 43.2(e).

GUADALUPE RIVERA, Justice

February 26, 2009

Before Chew, C.J., McClure, and Rivera, JJ.