*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★   ★   ★                                          ★   ★   ★

# MEMORANDUM OPINION

No. 04-08-00593-CV

**IN THE INTEREST OF S.D.S.-C.**, a Child

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-PA-01005
Honorable Peter Sakai, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   March 18, 2009

AFFIRMED

This appeal arises from the trial court's denial of Shirlinda Casey's petition to declare an adoption order void. Casey contends the trial court erred in denying her petition because the parties involved in the adoption lacked standing to file a petition for adoption and the trial court lacked subject matter jurisdiction to hear the adoption because the father's rights were not terminated. We affirm the trial court's order.

## BACKGROUND

On June 5, 2003, Casey and her partner, Sonya Sanders, filed a petition for a same sex adoption of Sanders's biological child, S.D.S. On December 5, 2003, the trial court signed an order of adoption. On January 16, 2008, Casey filed a petition seeking to declare the December 5, 2003

adoption order void. The trial court denied Casey's petition on the basis that Casey lacked standing under section 162.012(a) of the Texas Family Code.

### STANDARD OF REVIEW

Standing is a question of law, and we review standing issues de novo. *See In re C.R.P.,* 192 S.W.3d 823, 825 (Tex. App.—Fort Worth 2006, no pet.). Standing focuses on who may bring an action, and "[i]n conducting our review, we take the factual allegations in the petition as true and construe them in favor of the pleader." *Hobbs v. Van Stavern,* 249 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

### DISCUSSION

Casey contends the trial court erred in denying her petition to declare the adoption of S.D.S. void. According to Casey, Sanders and she lacked standing to file the petition for adoption, and the trial court lacked subject matter jurisdiction to hear the adoption, because the father's rights were not terminated; therefore, the adoption order is void. As a result, Casey argues the trial court erred in denying her petition to vacate the adoption.

Here, Casey did not attack the validity of the adoption order until approximately four years after the order was signed. Under the Texas Family Code, the validity of an adoption order is not subject to attack after six months following the date the adoption order was signed. TEX. FAM. CODE ANN. § 162.012(a) (Vernon 2009);[1] *see also Goodson v. Castellanos,* 214 S.W.3d 741, 748-49 (Tex. App.—Austin 2007, pet. denied); *Hobbs,* 249 S.W.3d at 4; *In re C.R.P.,* 192 S.W.3d at 826. Casey's attack on the adoption order was well beyond the statutory six month time limit. Under the plain and

---

[1] Section 162.012(a) provides, in relevant part, as follows: "(a) Notwithstanding Rule 329, Texas Rule of Civil Procedure, the validity of an adoption order is not subject to attack after six months after the date the order was signed." TEX. FAM. CODE ANN. § 162.012(a) (Vernon 2009).

unambiguous language of section 162.012(a), "adoptions cannot be attacked more than six months after the issuance of the adoption on any basis." *Goodson*, 214 S.W.3d at 749; *see also Hobbs,* 249 S.W.3d at 4 (noting no exceptions were made to the six month limitation—"not for challenges to purportedly void adoption orders, not for good cause, and not for public policy reasons").

Casey relies heavily on *Goodson v. Castellanos* as authority for her proposition that section 162.012(a) does not preclude her petition to declare the adoption order void. *See Goodson*, 214 S.W.3d at 750. Casey points to the language in *Goodson* stating that section 162.012(a) "does not prohibit all attacks on an adoption decree." *See id.* Notwithstanding this language, however, the court in *Goodson* stated that judges must follow the clear principles and directives of the legislature by following the plain language of the law in order "to make decisions that are in the best interests of the children involved." *Id.* After reviewing the legislative intent as well as public policy arguments, the court went on to clearly hold that an adoption order cannot be attacked more than six months after the issuance of the adoption on any basis, including a purportedly void adoption order. *Id.* at 749.

We conclude that section 162.012(a) of the Texas Family Code precludes Casey's attack on the validity of the adoption order. TEX. FAM. CODE ANN. § 162.012(a) (Vernon 2009); *see also Hobbs,* 249 S.W.3d at 4; *In re C.R.P.,* 192 S.W.3d at 826. Accordingly, we affirm the trial court's order denying Casey's petition to declare the adoption void.

## CONCLUSION

We affirm the trial court's order.

Marialyn Barnard, Justice