

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00544-CV

TRACEY H. COOMER, APPELLANT

V.

TAMALA K. ALVAREZ, APPELLEE

On Appeal from the County Court
Hartley County, Texas
Trial Court No. 600, Honorable Ronnie Gordon, Presiding

March 28, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, inmate Tracey H. Coomer, proceeding *pro se*, appeals the trial court's judgment dismissing his claims against Texas Department of Criminal Justice official, Tamala K. Alvarez. In three points of error, he complains on appeal that the trial court erred by dismissing his claims under the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code. We will vacate the trial court's order and dismiss the appeal.

Factual and Procedural History

Feeling dissatisfied with the relief offered by the TDCJ grievance process in response to his complaints regarding the alleged confiscation of his typewriter and various personal property, Coomer first brought suit against Alvarez in the Justice of the Peace Court of Hartley County in November 2010. The justice court dismissed Coomer's claims against Alvarez by order signed March 5, 2011. The justice court disposed of Coomer's claims as follows: "Plaintiff is not in compliance with Chapter 14 of the Texas Civil Practice & Remedies Code, and the Court is of the opinion that his claims are FRIVOLOUS. As such, Plaintiff's entire petition is hereby finally DISMISSED WITH PREJUDICE."

On October 26, 2011, Coomer filed a document he identified as his "Notice of Appeal to the 69th Judicial District Court from an Order of a Justice of the Peace Court." The notice provided as follows:

> Notice is hereby given that Tracey H. Coomer, Texas Department of Criminal Justice (TDCJ)-ID# 1473063, (Plaintiff), in the above named case, hereby appeal[s] to the 69th Judicial District Court, from an Order of Dismissal with Prejudice entered in this action on the 5th day of March, 2011, but not received until the 13th day of September, 2011.
>
> This Notice is to preserve any appeal as of right from the appealable Order received from the Justice of the Peace Court of Hartley County, Texas, where the Honorable Edwyna Womble presides.

Coomer then filed his "Application to Proceed in Forma Pauperis" with the district clerk on October 28, 2011.

On December 14, 2012,[1] after considering Alvarez's motion to dismiss, the district court disposed of Coomer's claims as follows:

It is therefore,

ORDERED that Defendant Alvarez's Motion to Dismiss [u]nder Chapter 14 of the Texas Civil Practice & Remedies Code is GRANTED, and all of Plaintiff's claims against Defendant Tamala K. Alvarez are DISMISSED WITH PREJUDICE.  It is further,

ORDERED that all of Plaintiff's claims in this lawsuit against the remaining Defendants are DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to have them served.  It is further,

ORDERED that all relief not expressly granted is DENIED.  This is a final judgment that is intended to dispose of all claims against all parties and is appealable.

Coomer filed his notice of appeal to this Court on December 27, 2012.

Applicable Law

Standard of Review

Whether a trial court has subject matter jurisdiction to decide a case is a question of law.  *Litoff v. Meadows Serv. Corp.*, 352 S.W.3d 894, 896 (Tex. App.—Dallas 2011, no pet.) (citing, *inter alia*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217,

---

[1] We note the clerical error evident in the district court's judgment that indicates judgment was signed on December 14, 2013.  We note that the remainder of the clerk's record, including the district clerk's file stamp showing that the judgment was filed at 3:06 pm on December 14, 2012, supports the conclusion that the judgment was, indeed, signed in 2012 rather than 2013.  We will treat the relevant date as December 14, 2012, throughout this opinion.

3

226 (Tex. 2004)).  We review this question of law *de novo*.  *See Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011).

Perfecting an Appeal from a Justice Court's Order

To perfect an appeal from a justice court to a county court, the appealing party must file either an appeal bond or an affidavit of inability to pay in lieu of the appeal bond.  *See* TEX. R. CIV. P. 571–73; *Rowe v. Watkins*, 340 S.W.3d 860, 862–63 (Tex. App.—El Paso 2011, no pet.).  More specifically, the rules provide as follows:

> The party appealing . . . shall within ten days from the date a judgment or order overruling motion for new trial is signed, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on appeal . . . .

TEX. R. CIV. P. 571 (West Supp. 2013, repealed 2013).  The rules provide an alternative manner of perfecting appeal:

> Where appellant is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to appeal by making strict proof of such inability within five days after the judgment or order overruling motion for new trial is signed, which shall consist of his affidavit filed with the justice of the peace stating his inability to pay such costs, or any part thereof, or to give security . . . .

TEX. R. CIV. P. 572. (West Supp. 2013, repealed 2013).

Only "[w]hen the bond, or the affidavit in lieu thereof, provided for in the rules applicable to justice courts, has been filed and the previous requirements have been

4

complied with" is the appeal held to be perfected. TEX. R. CIV. P. 573 (West Supp. 2013, repealed 2013). Compliance with the above requirements is jurisdictional, and, as the language in Rule 573 indicates, only compliance therewith will operate to perfect the appeal. *Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex. App.—El Paso 1993, no writ).

Trial Court's Jurisdiction

Again, Rules 571 through 573 are treated as jurisdictional prerequisites. *See id.*; *see also Miller v. Henderson*, No. 06-12-00093-CV, 2013 Tex. App. LEXIS 1610, at *4 (Tex. App.—Texarkana Feb. 21, 2013, pet. denied) (mem. op.). So, if the appeal bond or affidavit in lieu of the bond is not timely filed, "the county court is without jurisdiction to hear the appeal, and the appeal must be dismissed for lack of jurisdiction." *Williams v. Schneiber*, 148 S.W.3d 581, 583 (Tex. App.—Fort Worth 2004, no pet.). Lack of subject matter jurisdiction renders a judgment void, rather than merely voidable. *Miller v. Woods*, 872 S.W.2d 343, 346 (Tex. App.—Beaumont 1994, orig. proceeding); *Winfield v. Pietsch*, No. 07-09-00261-CV, 2009 Tex. App. LEXIS 8027, at *6 (Tex. App.—Amarillo Oct. 2, 2009, order) (per curiam).

This Court's Jurisdiction

An appellate court has no jurisdiction to consider the merits of an appeal from a void judgment. *Mellon Serv. Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 864 (Tex. App.—Houston [14th Dist.] 1997, no writ). Where the trial court did not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the cause. *Crane v. Richardson Bike Mart, Inc.*, 295 S.W.3d 1, 5 (Tex. App.—El Paso 2009, no pet.); *see In re T.D.S.T.*, 287 S.W.3d 268, 272 n.8 (Tex.

App.—Amarillo 2009, pet. denied); *Mellon Serv. Co.*, 946 S.W.2d at 864; *see also Miller*, 2013 Tex. App. LEXIS 1610, at *8–9 ("Insofar as the County Court at Law was without jurisdiction to entertain [Appellant]'s appeal, this Court is likewise without jurisdiction.").[2]

## Analysis

From the record before us, it appears that Coomer filed his "Application to Proceed in Forma Pauperis" with the district clerk on October 28, 2011.  Liberally construing his application, treating it for the purposes of this discussion as his affidavit in lieu of an appeal bond in an attempt to comply with Rule 572, and overlooking the apparent technical error in filing it in the wrong location, we see Coomer's affidavit is far from being timely filed; Rule 572 requires that the affidavit in lieu of appeal bond be filed within five days of the date that judgment was signed, here, March 5, 2011.  Coomer, then, filed his affidavit in lieu of bond 237 days after the judgment was signed in the justice court.

Coomer represents in his notice of appeal, filed in the justice court two days before his ostensible affidavit in lieu of bond, that he only received notice of the justice court's March 5th judgment on September 13, 2011.  Even taking his representation as true and treating September 13 as the date from which we calculate the applicable

---

[2] The Fort Worth Court explained the analytical steps it followed in employing this disposition:

> [T]he county court at law had no jurisdiction to entertain [Appellant]'s appeal of the petition for review proceeding.  Because the county court at law had no jurisdiction over the petition for review proceeding, it had no jurisdiction to enter the . . . order from which this appeal has been taken.  Therefore, we only have jurisdiction to vacate the [county court's] order and dismiss this appeal.

*Smith v. Belton*, No. 02-08-00258-CV, 2009 Tex. App. LEXIS 9090, at *5 (Tex. App.—Fort Worth Nov. 25, 2009, pet. denied) (mem. op.) (per curiam).

deadlines, the date on which Coomer filed his "Application to Proceed in Forma Pauperis" was still significantly late, filed forty-five days after the date he maintains he received notice of the judgment. Even liberally construing Coomer's "Application to Proceed in Forma Pauperis" as his affidavit in lieu of an appeal bond, we cannot overlook the untimeliness of his affidavit. In light of such defect, it seems Coomer never perfected his appeal from the justice court's order to the district court. *See* TEX. R. CIV. P. 572, 573. That said, the district court was never vested with jurisdiction to consider the merits of Coomer's case. The trial court's order signed December 14, 2012, was, therefore, void. *See Miller*, 872 S.W.2d at 346.

Confronted with a void judgment, we must vacate that judgment and dismiss this appeal for want of jurisdiction. *See Crane*, 295 S.W.3d at 5; *Mellon Serv. Co.*, 946 S.W.2d at 864.

## Conclusion

Because the district court lacked jurisdiction over Coomer's appeal from the justice court's order, we vacate the district court's judgment dated December 14, 2012, and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e).

Mackey K. Hancock
Justice

7