

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0159-22

### EX PARTE JESUS ALBERTO GUZMAN CURIPOMA, Appellee

### ON PETITION FROM THE KINNEY COUNTY ATTORNEY
### AND ON THE COURT'S OWN MOTION
### FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

SLAUGHTER, J., filed a concurring opinion in which RICHARDSON, NEWELL, and WALKER, JJ., joined.

### <u>CONCURRING OPINION</u>

This case arises from a pretrial grant of habeas corpus relief to an individual arrested and charged with criminal trespass as part of the "Operation Lone Star" task force. After Appellee was arrested and charged in Kinney County, he filed an application for pretrial habeas relief in a *Travis County* district court. Both the Kinney County Attorney and the Travis County District Attorney sought to appear on behalf of the State in the Travis

County habeas proceedings, but the trial judge ruled that the Kinney County Attorney had no authority to appear. The Travis County judge then granted Appellee pretrial habeas relief and dismissed the criminal trespass charge. After the Kinney County Attorney attempted to file a direct appeal of that ruling, the Third Court of Appeals dismissed the appeal for want of jurisdiction, based on its conclusion that the Kinney County Attorney lacked authority to represent the State on appeal.

Having granted discretionary review of this case, this Court today vacates the decision of the court of appeals and remands for reconsideration in light of our intervening decision in *In re Smith*, 665 S.W.3d 449 (Tex. Crim. App. 2022). I agree with that decision because, as *Smith* now makes clear, a fundamental premise underlying the court of appeals' analysis was flawed. The court of appeals had determined, as an initial matter, that Appellee's habeas application was properly filed in Travis County. *Smith* unequivocally rejected that position and instead held that the only proper place for filing the instant habeas application was in the county where the underlying criminal charges were pending, Kinney County. Because the remainder of the court of appeals' analysis flowed from this erroneous conclusion, this Court properly sends the case back for full reconsideration of the issues in light of *Smith*. Further, applying *Smith* here, the correct outcome becomes obvious: The direct appeal here was subject to dismissal because the entire case was void from its inception as a result of the Travis County district court's lack of *any authority* to rule on the merits of Appellee's pretrial habeas application where the underlying misdemeanor charges were pending in another county. Thus, because the habeas proceedings in Travis County were wholly invalid, unauthorized, and void from their inception, the appeal should

be dismissed for want of jurisdiction, and the trial court's invalid order purporting to grant Appellee pretrial habeas relief should be set aside.

## I.        Background

In 2021, Appellee, a non-U.S. citizen with no lawful immigration status, was arrested in Kinney County for misdemeanor criminal trespass. He was released on bond pending a trial. He subsequently filed an application for pretrial habeas corpus relief in the 126th District Court of Travis County challenging his constructive confinement in Kinney County resulting from the pending charges. The Travis County District Attorney's Office filed a response to the application in which it recommended that the trial court grant relief.

The trial court held a Zoom hearing at which counsel for Appellee and the Travis County District Attorney's Office appeared. An attorney representing the Kinney County Attorney's Office also attempted to appear and argued that that office was the "proper representative" of the State and should "proceed as counsel for the State" in the habeas proceeding, given that the underlying criminal charge was pending in Kinney County. The district court, however, disagreed and instead determined that the Travis County District Attorney was the proper representative of the State in the habeas proceeding. The court sustained objections to Kinney County's counsel participating in the hearing but allowed counsel to make a bill of exception. After the hearing, the trial court granted Appellee pretrial habeas relief and dismissed the trespass case.

### *Direct Appeal to the Third Court of Appeals*

The Kinney County Attorney filed a notice of appeal to the Third Court of Appeals. The following day, the Travis County District Attorney filed a "Motion to Dismiss

Unauthorized Appeal," arguing that the Kinney County Attorney's Office had no "jurisdiction, authority, or standing" to bring an appeal on behalf of the State in this habeas matter. The Kinney County Attorney filed a response urging that, as the representative for the State in the underlying criminal charges, his office must be permitted to participate in the habeas proceedings. To hold otherwise, he argued, would allow "applicants to raise pre-trial habeas challenges to the constitutionality of criminal charges in any Texas district court and to have those criminal proceedings dismissed without response—or appeal—from the party prosecuting them[.]" This, he contended, would improperly leave the prosecuting entity without any avenue "to defend its underlying criminal proceedings against dismissal by district court judges statewide[.]"

In its opinion resolving this issue, the court of appeals ultimately agreed with the Travis County District Attorney's position that his office was the proper representative of the State and that the Kinney County Attorney was not authorized to pursue an appeal from the trial court's ruling granting Appellee pretrial habeas relief, such that dismissal of the unauthorized appeal was warranted. *State v. Guzman-Curipoma*, 652 S.W.3d 74, 76, 80 (Tex. App—Austin 2022, pet. granted). To reach this conclusion, the court of appeals addressed two issues: "[1] the propriety of the habeas application filing in a Travis County district court[,] and [2] the statutory duties of district and county attorneys." *Id.* at 77.

With respect to the first issue, the court determined that Appellee's habeas application "was properly filed in a Travis County district court"—in essence because district courts have "plenary power over issuance of writs of habeas corpus in misdemeanor actions." *Id.* at 77-78 (citation and quotation omitted). The court concluded, "[W]hen, as

here, an indictment has not issued, the writ of habeas corpus can be made returnable to any Texas county. . . . Thus, the Travis County District Court had jurisdiction of Guzman Curipoma's habeas application as to the misdemeanor criminal-trespass charge pending against him in Kinney County." *Id.* at 78 (emphasis added).

Having concluded that the trial court had jurisdiction to consider the habeas application, the court of appeals then went on to reach the second issue—the statutory duties of district and county attorneys—for the purpose of deciding which entity was authorized to represent the State in this matter. As to this issue, the court ultimately determined that the "[Travis County] District Attorney was the proper representative of the State in the Travis County habeas proceedings[.]" *Id.* at 78; *see also id.* at 79 (comparing the statutory duties of district and county attorneys and observing that the county attorney "aids the district attorney when requested," or, represents the State "in the absence of the district attorney"; because neither circumstance was present here, the district attorney was the proper representative of the State). Moreover, the court concluded that the County Attorney "may not take a different position on appeal than the State did below as to this same habeas petition." *Id.* at 79 (construing the applicable law "to prohibit prosecutors from taking conflicting positions as 'the State' on the same habeas application"). Thus, because the Kinney County Attorney's Office was not authorized to bring an appeal on behalf of the State under these circumstances, the court of appeals granted the Travis County District Attorney's motion and dismissed the appeal. *Id.* at 80.

***On Discretionary Review***

The Kinney County Attorney filed a petition for discretionary review in this Court, which this Court granted. On discretionary review, he argued, among other things, that "[o]nce a formal charging instrument is on file, the return of a properly issued pre-trial writ of habeas corpus must be made to the county in which the underlying charges are pending, and the responsibility for defending the legality of the confinement and representation of the official who is alleged to be illegally confining the applicant lies with the prosecutor's office charged with prosecuting the underlying criminal case." Accordingly, the Kinney County Attorney disputed the Travis County district judge's authority to rule on the merits of Appellee's habeas application. *See* PDR of Kinney County Attorney, at 9 ("Because Appellee is confined pursuant to a misdemeanor pending in Kinney County, the writ in this case was properly returnable to Kinney County, not Travis County. Consequently, Judge Soifer lacked authority to act on and determine the merits of the habeas corpus applications.").

In addition to granting the Kinney County Attorney's PDR, we also granted review on our own motion to address: (1) whether the Kinney County Attorney was authorized to file a State's appeal from the habeas proceedings in Travis County, and (2) whether the Kinney County Attorney was authorized to file a petition for discretionary review. Given the nature of the issues before us, we ordered the Travis County District Attorney's Office to file a brief. Counsel for Appellee also filed a brief.

The State Prosecuting Attorney filed an amicus brief. The SPA took the position that this case should be considered in tandem with *In re Smith*, No. WR-93,354-02, which had not yet been decided at the time that we granted review, because the issues in the cases

were "intertwined." As I discuss further below, in *Smith*, this Court was set to consider whether the Travis County district court had jurisdiction or authority to grant pretrial habeas relief to a group of individuals similarly situated to Appellee—that is, undocumented immigrants charged with misdemeanor offenses in Kinney County who had sought pretrial habeas relief in Travis County. The only real difference in those cases was that the Travis County district court had not yet granted habeas relief to those applicants. The SPA's position in its amicus brief in this case is that the Travis County court lacked jurisdiction over the habeas proceedings where the underlying criminal charges were pending in Kinney County. Therefore, the SPA contends, because the habeas court's judgment granting relief was void, there was "no proper State representative." The SPA urges that this case "hinges on" the Travis County district court's lack of jurisdiction to rule on the habeas matter, not the "dueling State positions [that] the court of appeals opined are impermissible." Amicus Brief of SPA, at 3.

## II.    Analysis

As noted above, at the time that this case was submitted for an opinion in November 2022, this Court had not yet reached a decision in *In re Smith*, 665 S.W.3d 449 (decided Dec. 7, 2022). But I agree with the position taken by the SPA in this case that the issue here is "intertwined" with the issue in *Smith*, such that *Smith* controls the outcome here. Based on *Smith*, the Travis County district court clearly lacked authority and/or jurisdiction to make any ruling (let alone grant relief) on Appellee's pretrial habeas application challenging the charges arising out of Kinney County. Therefore, the trial court's resulting order purporting to grant Appellee relief was invalid and void on its face. Given that the

court of appeals did not have the benefit of our *Smith* decision when it analyzed these issues, I agree with the Court that the proper course is to remand for reconsideration in light of *Smith*. Applying *Smith* on remand, the court of appeals should hold that the trial court lacked jurisdiction, and that the resulting order purporting to grant Appellee relief was invalid and must be set aside.

### A. *In re Smith*

In *In re Smith*, this Court considered a request for prohibition relief from the Kinney County Attorney, with the underlying issue being identical to the one in this case, but it was presented in a distinguishable procedural posture. 665 S.W.3d at 452. Thousands of defendants similarly situated to Appellee had been arrested for misdemeanor trespass in Kinney County, pursuant to the "Operation Lone Star" task force. Hundreds of those defendants then filed applications for pretrial habeas relief in the district courts of Travis County. We observed that one of those arrestees—Appellee—had already obtained relief from the district court. *Id.* The remaining arrestees' applications were left in a pending state while the resulting litigation ensued.

In arguing that he was entitled to prohibition relief to prevent the Travis County district courts from ruling on the merits of the pending applications, the Kinney County Attorney reiterated his position that the courts of Kinney County have sole authority to consider the merits of any habeas applications stemming from charges arising in Kinney County. As in this case, the SPA filed an amicus brief asserting that the Travis County courts lacked *jurisdiction* over the habeas cases for which the underlying criminal charges were pending in Kinney County.

In resolving this issue, we first determined that the Kinney County Attorney lacked any adequate remedy at law through the avenue of direct appeal. *Id.* at 454. We observed that the "later remedy of appeal is generally inadequate when the issue before us implicates the ability of a trial court to consider the case at all." *Id.* We also observed that, given the number of cases implicated, it would be excessively burdensome for Kinney County to have to litigate each case separately in the court of appeals. *Id.* Thus, we proceeded to consider whether Relator had a clear right to relief.

In concluding that the clear-right-to-relief requirement had been met, we discussed the various relevant provisions in Code of Criminal Procedure Chapter 11, as well as applicable caselaw addressing abstention and local authority over pending criminal matters. *Id.* at 455-61. We concluded that the sole available vehicle for the arrestees to challenge their constructive confinement was an original writ, found in Article 11.05. *Id.* at 455. We stated, "Assuming, without deciding, that a trial court would even have jurisdiction to resolve the merits of an Article 11.05 action for an offense arising outside the court's geographic borders, the circumstances permitting that jurisdiction to be exercised would be rare." *Id.* at 456. We cited, as possible examples of such circumstances, a serious backlog of cases or a natural disaster, which would permit the action to be brought in an "*adjacent* county." *Id.* at 456-57. "[A]bsent these kinds of unusual circumstances or specific statutory authority, a trial court *should never consider the merits* of a habeas application for an offense arising outside its geographic boundaries, even assuming it had jurisdiction to do so." *Id.* at 457 (emphasis added). We therefore held that the district court

in Travis County was "required to refrain from resolving the merits of habeas applications for misdemeanor cases arising in Kinney County." *Id.* at 461.

> **B.     Because the Travis County district court clearly lacked authority and/or jurisdiction to grant Appellee pretrial habeas relief, the direct appeal was subject to dismissal, and the invalid order should be set aside.**

At the outset, it is clear that our analysis in *Smith* undermines a significant portion of the court of appeals' analysis in this case. Before considering the question of which entity could properly represent the State in this matter, the court of appeals first found it necessary to address whether the Travis County district court had jurisdiction or authority to consider the application at all. *See Curipoma*, 652 S.W.3d at 77-78. It is now obvious, in light of *Smith*, that the court of appeals' answer to that question was incorrect. It also appears highly likely that the court of appeals would not have reached, or at the very least might have resolved differently, the secondary question of which entity had authority to represent the State in this matter, had it had the benefit of our *Smith* decision at that time. On this basis alone, I agree with the Court's decision today to vacate the court of appeals' decision and remand for reconsideration in light of *Smith*.

Further, applying *Smith* to these circumstances, the correct ultimate outcome on remand is clear. *Smith* held that the Travis County district court *clearly and indisputably* lacked any authority (and possibly jurisdiction) to rule on the merits of the pretrial habeas applications arising from misdemeanor charges pending in Kinney County. *Smith*, 665 S.W.3d at 456-57. Applying that same rule to Appellee's case here, the entire habeas proceeding in the Travis County district court was invalid and unauthorized. The district

court's order purporting to grant Appellee pretrial habeas relief was similarly invalid. Given this, on remand, the court of appeals should dismiss the appeal for want of jurisdiction and set aside the invalid order—not because the Kinney County Attorney lacked authority to pursue such an appeal, but because the underlying proceedings in the trial court were plainly invalid and unauthorized. *See id*.; *see also State v. Rodriguez-Gomez,* No. 04-23-00157-CR, 2024 WL 590425, at *9 (Tex. App—San Antonio Feb. 14, 2024) ("When a party appeals a void order, [the appellate court] should declare the order void and dismiss the appeal for want of jurisdiction") (citation and quotation omitted); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination."); *DeShazo v. Hall*, 963 S.W.2d 958, 960 (Tex. App.—Houston [14th Dist.] 1998) (stating that the proper course when appellate court receives appeal of void judgment is to set aside trial court's invalid judgment and dismiss the appeal).

### C. The Authority Question—Did the court of appeals lack jurisdiction because no valid notice of appeal was ever filed?

In addition to its erroneous holding that the Travis County district court had jurisdiction over this habeas matter, the court of appeals further held that the Kinney County Attorney lacked any authority to file a notice of appeal from the Travis County district court's order granting habeas relief, such that no valid notice of appeal was ever filed. *Curipoma*, 652 S.W.3d at 78-80. As I have already suggested, it is unclear to me

whether, or to what extent, the court of appeals should even consider this issue now that *Smith* has clarified that the entire habeas proceeding in Travis County was unauthorized and invalid. But, to the extent that the court of appeals would find it necessary to address this secondary issue in spite of *Smith*, I note that none of the statutes the court of appeals cited previously in its analysis of this issue directly applies to the situation before us here—that is, a situation in which criminal charges have been properly filed in one county, the defendant seeks to collaterally attack those charges in another county without any legal basis for doing so, and the State's representative in the second county has no interest in defending or prosecuting the criminal charges that are pending in the first county. For example, the court of appeals cited Code of Criminal Procedure Article 2.01 for the proposition that "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely." *Id.* at 78 (citing TEX. CODE CRIM. PROC. art. 2.01). The court of appeals interpreted this provision as giving the Travis County District Attorney superior authority to represent the State in this matter, given that the related provisions in Article 2.02 indicate that a county attorney may represent the State in the district courts only when there is no district attorney, or when the district attorney requests his assistance.[1] But, when the Legislature drafted these provisions detailing the

---

[1] *See* TEX. CODE CRIM. PROC. art. 2.02 ("The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court. He shall represent the State in cases he has prosecuted which are appealed.").

respective duties of the district and county attorneys, it understandably assumed that the criminal cases at issue would be valid, properly pending cases, not void proceedings that should have instead been initiated in another district. Thus, even though the statutes authorize a district attorney to represent the State in the cases pending in the courts of his district, it is not entirely clear to me that these statutes apply to a situation involving wholly invalid or void proceedings that were filed in the wrong district. In any event, courts should not reflexively apply statutory requirements if doing so would thwart the Legislature's purpose of allowing the interested State entity—here, the representative of Kinney County—to defend the State's interests through exercising the right of appeal.

Given the foregoing, to the extent it is necessary to resolving this case, the court of appeals should simply hold on remand that the timely notice of appeal filed by the Kinney County Attorney validly invoked the appellate court's jurisdiction, even if it was only for the limited purpose of allowing the appellate court to determine that the underlying habeas proceeding was unauthorized and that the court of appeals had no jurisdiction to proceed beyond dismissing the appeal and setting aside the unauthorized order. *See, e.g., Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016) ("A court always has jurisdiction to determine whether it has jurisdiction over a matter, and jurisdiction is a systemic requirement that appellate courts must review regardless of whether the issue is raised by the parties."). The Kinney County Attorney was, for all practical purposes, the only real representative of the "State" that had any vested interest in defending the criminal charges

against Appellee's collateral attack. The applicable law should be interpreted to allow a limited invocation of the appellate court's jurisdiction under these narrow circumstances.[2]

## III. Conclusion

In light of our decision in *In re Smith*, it is readily apparent that the pretrial habeas proceeding in Travis County district court, and the resulting ruling purporting to grant Appellee relief as to the pending criminal charges in Kinney County, were plainly unauthorized and invalid. Because the habeas proceedings were invalid, on remand, the court of appeals should order the appeal dismissed and set aside the trial court's unauthorized order. For the foregoing reasons, I respectfully concur in the Court's judgment.

Filed: June 26, 2024

Publish

---

[2] As an alternative, I note that an appellate court has authority to treat a direct appeal as a request for mandamus relief if a party so requests. *See, e.g., Ex parte Garcia*, 683 S.W.3d 467, 473 (Tex. App.—San Antonio 2023) (noting that, "[i]n certain circumstances, we may treat an appeal as a petition for a writ of mandamus. However, to do so, the party seeking appellate review must specifically request that its appeal be treated as a mandamus petition.") (citing and quoting *Hodge v. Kraft*, 490 S.W.3d 510, 516 n.2 (Tex. App.—San Antonio 2015, no pet.); *CMH Homes v. Perez*, 340 S.W.3d 444, 452-53 (Tex. 2011)); *see also In re R.G.*, 388 S.W.3d 820, 822 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (converting an appeal into a petition for a writ of mandamus upon request of the applicant after the reviewing court determined it lacked appellate jurisdiction to review the appeal). Thus, on remand, the Kinney County Attorney could request that the court of appeals treat his appeal as a request for mandamus relief against the Travis County district court judge.